UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:20-cv-793 |
| ) | |
| SWIFTFUNDS FINANCIAL SERVICES, ) | |
| LLC; SWIFT BPO PARTNERS, LLC; and ) | |
| MARIE PETREE, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, MICHAEL WILLIAMS (hereinafter "Plaintiff"), by and through his attorneys, alleges the following against Defendants, SWIFTFUNDS FINANCIAL SERVICES, LLC; SWIFT BPO PARTNERS, LLC; and MARIE PETREE, LLC (hereinafter "Swiftfunds", "Swift BPO", and "Petree" respectively and "Defendants" collectively):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

4. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

5. Plaintiff is a natural person residing in the independent City of Fredericksburg, Commonwealth of Virginia.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Swiftfunds is a debt collector as that term is defined by the FDCPA.

9. Swift BPO is a debt collector as that term is defined by the FDCPA.

10. Swiftfunds is a California business corporation headquartered in the City of Rolling Hills Estates, Los Angeles County, State of California.

11. Swift BPO is a Nevada limited liability company headquartered in the City of Las Vegas, Clark County, State of Nevada.

12. Petree is a natural person residing in the State of Nevada.

13. Petree is the owner of Swiftfunds.

14. Petree is the managing member of Swiftfunds.

15. Petree is the chief executive officer of Swiftfunds.

16. Petree is the owner of Swift BPO.

17. Petree is the managing member of Swift BPO.

18. Petree is the chief executive officer of Swift BPO.

19. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v.*

*Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

20. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

21. Swiftfunds and Swift BPO send out collection letters to debtors that indicate that they were sent by both Swiftfunds and Swift BPO.

22. Swiftfunds and Swift BPO work together to collect the alleged debts.

23. Swiftfunds and Swift BPO operate their businesses as one and the same.

24. Defendants are business entities and/or individuals engaged in the collection of debt within the Commonwealth of Virginia.

25. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

26. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

27. When an unpaid, outstanding account is placed with Swiftfunds and/or Swift BPO it is assigned a file number.

28. The principal purpose of Swiftfunds' business is the collection of debts allegedly owed to

third parties.

29. The principal purpose of Swift BPO's business is the collection of debts allegedly owed to third parties.

30. Swiftfunds regularly collects, or attempts to collect, debts allegedly owed to third parties.

31. Swift BPO regularly collects, or attempts to collect, debts allegedly owed to third parties.

32. During the course of their attempts to collect consumer debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

33. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

34. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly arising from a gym membership with World Gym.

35. The alleged debt at issue arises from transactions for personal, family, and household purposes.

36. In or around April 2020, Swiftfunds/Swift BPO began placing collection calls to Plaintiff's cellular telephone at 804-919-4045 in an attempt to collect the alleged debt.

37. Swiftfunds/Swift BPO calls Plaintiff from several numbers, including 888-479-4384, which is one of Swiftfunds/Swift BPO's telephone numbers.

38. In or around April 2020, Plaintiff returned one of Swiftfunds/Swift BPO's calls and spoke with one of Swiftfunds/Swift BPO's collectors who identified herself as Cynthia.

39. During the above-referenced call:

    a. Plaintiff disputed owing the amount of the alleged debt;

    b. Swiftfunds/Swift BPO's collector Cynthia refused to send Plaintiff validation of the alleged debt;

    c. Cynthia transferred the call to Swiftfunds/Swift BPO's "director" Troy Green;

    d. Plaintiff again disputed owing the amount of the alleged debt;

    e. Plaintiff agreed to pay $209.00 to put this matter behind him if he was provided validation of the alleged debt;

    f. Mr. Green also refused to send Plaintiff validation of the alleged debt; and

    g. Mr. Green even refused to provide Plaintiff with written confirmation that the alleged debt was paid in full, if Plaintiff paid the above-referenced settlement amount of $209.00.

40. The natural consequences of Swiftfunds/Swift BPO's statements and actions was to produce an unpleasant and/or hostile situation between Swiftfunds/Swift BPO and Plaintiff.

41. The natural consequences of Swiftfunds/Swift BPO's actions was to cause Plaintiff mental distress.

42. The natural consequences of Swiftfunds/Swift BPO's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

**COUNT I**
**SWIFTFUNDS FINANCIAL SERVICES, LLC/SWIFT BPO PARTNERS, LLC**
**VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

43. Swiftfunds/Swift BPO violated the FDCPA based on the following:

    a. Swiftfunds/Swift BPO violated § 1692d of the FDCPA by engaging in conduct

      that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Swiftfunds/Swift BPO employed the above-referenced unlawful debt collection tactics in an attempt to coerce Plaintiff into payment of the alleged debt;

b. Swiftfunds/Swift BPO violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Swiftfunds/Swift BPO created the false impression on Plaintiff that Defendant was permitted by law to engage in unlawful collection tactics with impunity by refusing to acknowledge Plaintiff's oral dispute of the alleged and refusing to provide written debt validation;

c. Swiftfunds/Swift BPO violated § 1692e(10) of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Swiftfunds/Swift BPO created the false impression on Plaintiff that Defendant was permitted by law to engage in unlawful collection tactics with impunity by refusing to acknowledge Plaintiff's oral dispute of the alleged and refusing to provide written debt validation;

d. Swiftfunds/Swift BPO violated § 1692f of the FDCPA by their use of unfair or unconscionable means to collect or attempt to collect any debt when Swiftfunds/Swift BPO engaged in all of the misconduct alleged herein;

e. Swiftfunds/Swift BPO violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Swiftfunds/Swift BPO employed coercive and harassing tactics in its attempts to collect the alleged debt despite

    Plaintiff's dispute of the alleged debt;

 f. Swiftfunds/Swift BPO violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Swiftfunds/Swift BPO ignored Plaintiff's oral dispute of the alleged debt and employed coercive and harassing tactics in its attempts to collect the alleged debt despite Plaintiff's dispute of the alleged debt; and

 g. Swiftfunds/Swift BPO further violated § 1692g(b) of the FDCPA by failing to provide Plaintiff with the requested debt validation.

WHEREFORE, Plaintiff, MICHAEL WILLIAMS, respectfully requests judgment be entered, both jointly and severally, against Defendants, SWIFTFUNDS FINANCIAL SERVICES, LLC and SWIFT BPO PARTNERS, LLC for the following:

44. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

45. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

46. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## MARIE PETREE VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff repeats and re-alleges paragraphs 1-43 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

48. At all relevant times, acting alone or in concert with others, Petree has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Swiftfunds/Swift BPO, and their employees, including the acts and practices set forth

in this Complaint.

WHEREFORE, Plaintiff, MICHAEL WILLIAMS, respectfully requests judgment be entered, both jointly and severally, against Defendant, MARIE PETREE, for the following:

49. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

50. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

51. Any other relief that this Honorable Court deems appropriate Honorable Court deems appropriate.

                                                     RESPECTFULLY SUBMITTED,

October 08, 2020                      By: /s Richard W. Ferris
                                                Richard W. Ferris, Esq.
                                                Virginia Bar Number 31812
                                                FERRIS WINDER, PLLC
                                                Fountain Park, Building 7
                                                9327 Midlothian Turnpike
                                                Suite 1J
                                                Richmond, VA 23235
                                                Phone: (804) 767-6848
                                                Fax: (888) 251-6228
                                                rwferris@ferriswinder.com
                                                Attorney for Plaintiff